USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __08/08/2017__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                      :

ARS KABIRWALA, LP,                   :

                             Plaintiff    :

      -against-                        :          1:16-cv-6430-GHW

                                        :

EL PASO KABIRWALA CAYMAN COMPANY, :    MEMORANDUM
EL PASO MAURITIUS POWER LTD.,      :   OPINION AND ORDER
PENDEKAR KABIRWALA CAYMAN      :
COMPANY, and PENDEKAR HOLDINGS   :
(KABIRWALA) LIMITED,             :

                                      :

                        Defendants.   :

                                      :

-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

## I.    INTRODUCTION

      Over ten years ago, Plaintiff ARS Kabirwala, LP entered into a contract with Defendants

Pendekar Kabirwala Cayman Company and Pendekar Holdings (Kabirwala) Limited[1] pursuant to

which Pendekar Kabirwala Cayman Company agreed to pay a percentage of certain dividends that it

received to Plaintiff.  Plaintiff initiated this litigation following a disagreement concerning the

amount due under that agreement, asserting a number of claims against Defendants, including

claims for breach of contract, unjust enrichment, and breach of the covenant of good faith and fair

dealing.  The question before the Court is whether Plaintiff can bring claims for unjust enrichment

and breach of the covenant of good faith and fair dealing alongside its claim for breach of contract.

Because there is no dispute that there is an enforceable contract between the parties, and because

Plaintiff's breach of the covenant of good faith and fair dealing claim is duplicative of its breach of

---

[1] The two other entities named as Defendants in the caption of this case, El Paso Kabirwala Cayman
Company and El Paso Mauritius Power Ltd., are the former names of Defendants Pendekar Kabirwala
Cayman Company and Defendant Pendekar Holdings (Kabirwala) Limited, respectively.

contract claim, Defendants' motion to dismiss is GRANTED and the claims for unjust enrichment and breach of the covenant of good faith and fair dealing are dismissed.

## II.     BACKGROUND[2]

Plaintiff is the developer of an approximately 151 megawatt gas-fired power plant near the town of Kabirwala, Pakistan. Dkt. No. 33, First Amended Complaint ("Am. Compl.") ¶ 11. In 1996, Plaintiff and a number of entities not named in this litigation entered into a Project Payment Agreement ("PPA") related to the development of the power plant. *Id.* ¶ 12. A number of years later, on April 30, 2001, Plaintiff, Defendants, and El Paso International Company entered into a New Project Payment Agreement ("NPPA") to replace the PPA. *Id.* ¶ 14. Pursuant to the NPPA, Defendant Pendekar Kabirwala Cayman Company was required to pay Plaintiff a certain percentage of dividends that it received from the owner of the power plant, Fauji Kabirwala Power Company Limited. *Id.* ¶ 19. The Amended Complaint asserts that, under the terms of the NPPA, beginning on October 21, 2014, Defendants were required to pay Plaintiff 25% of the those dividends. *Id.* ¶ 23. On three dates subsequent to October 21, 2014, Defendants made payments to Plaintiff that constituted only 10% of those dividends. *Id.* ¶¶ 29, 38, 44. Plaintiff contends that those payments were insufficient and, and as a result, that Defendants have breached the terms of the NPPA and owe Plaintiffs a total of $754,652.58. *Id.* ¶ 67.

## III.     PROCEDURAL BACKGROUND

On August 12, 2016, Plaintiff brought this litigation against Pendekar Kabirwala Cayman Company, Pendekar Holdings (Kabirwala) Limited, and Pendekar Energy (L) Ltd. Group. Dkt. No. 1. On October 27, 2016, Plaintiff amended its complaint, asserting claims for breach of

---

[2] Unless otherwise noted, the facts are taken from the amended complaint, and are accepted as true for the purposes of this Rule 12(b)(6) motion. *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

contract, breach of guaranty, unjust enrichment, breach of the covenant of good faith and fair dealing, declaratory relief concerning the amount due under the contract, and also seeking to pierce the corporate veil. Am. Compl. ¶ 1.

On December 2, 2016, Defendants filed a motion to dismiss, arguing both that (1) the Court lacked personal jurisdiction over Defendant Pendekar Energy (L) Ltd. Group, and (2) Plaintiff failed to state a claim for unjust enrichment and for breach of the covenant of good faith and fair dealing. Dkt. No. 41 ("Defs.' Mot."). On December 22, 2016, Plaintiff voluntarily dismissed its claims against Defendant Pendekar Energy (L) Ltd. Group without prejudice. Dkt. No. 47. As a result, the only remaining relief sought in Defendants' motion to dismiss is the requested dismissal of the claims for unjust enrichment and breach of the covenant of good faith and fair dealing. On December 23, 2016, Plaintiff opposed Defendants' motion. Dkt. No. 46 ("Pl.'s Opp'n"). On January 6, 2017, Defendants filed a reply in support of their motion to dismiss. Dkt. No. 48.

## IV.     ANALYSIS

### A.  Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right

to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

Determining whether a complaint states a plausible claim is "context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 1940. The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted).

### B. Applicable Law

The parties do not dispute that New York law governs claims arising out of or relating to the NPPA. Indeed, both parties cite to New York law in the briefing on this motion. The Second Circuit has explained that if "the parties' briefs assume that New York substantive law governs the issues . . . such implied consent is, of course, sufficient to establish the applicable choice of law." *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) (quoting *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 514 n.4 (2d Cir. 2001)); *see also Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 323 (S.D.N.Y. 2014) (collecting cases).

Choice-of-law provisions that govern a contract also govern related claims for breach of the implied covenant of good faith and fair dealing. *See Comprehensive Habilitation Servs., Inc. v. Commerce Funding Corp.*, No. 05 Civ. 9640, 2009 WL 935665, at *10 n.14 (S.D.N.Y. Apr. 6, 2009) (explaining

that "[b]ecause breach of the implied covenant of good faith and fair dealing is a contractual cause of action, and the choice of law provision applies to the interpretation and enforcement of the contract," the law of the forum specified in the choice-of-law provision applied to the implied covenant claim. Here, the NPPA contains an explicit choice-of-law provision that states that the agreement is "governed by and construed in accordance with the laws of the State of New York." Am. Compl., Ex. A at 9. Accordingly, New York law is applied to the claim for breach of the implied covenant of good faith and fair dealing.

On the other hand, courts in this district have held that claims for unjust enrichment "are non-contractual, equitable remedies and are therefore outside the scope of [a] parties' choice-of-law provision." *Innovative BioDefense, Inc. v. VSP Techs., Inc.*, No. 12 Civ. 3710, 2013 WL 3389008, at *5 (S.D.N.Y. July 3, 2013) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 60 (2d Cir. 1997) (internal quotation marks omitted)). In this case, because the parties both cite exclusively to New York law in their briefs, they have implied their consent to the application of New York law to the claim of unjust enrichment. The Court will therefore apply New York law in deciding Defendants' motion to dismiss.

### C. Unjust Enrichment

Plaintiff's claim for unjust enrichment cannot survive because the complaint alleges that an enforceable agreement exists between the parties. "While plaintiffs are generally free to plead alternative and contradictory theories of recovery pursuant to Federal Rules of Civil Procedure 8(d)(2) and (3), [a plaintiff's] failure to allege that the contracts at issue are invalid or unenforceable precludes it . . . from seeking quasi-contractual recovery for events arising out of the same subject matter." *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 196 (S.D.N.Y. July 23, 2009). A claim of unjust enrichment "cannot be maintained alongside a properly asserted

breach of contract claim as a matter of law." *Adams v. Labaton, Sucharow & Rudoff LLP*, 2009 WL 928143, at *7 (S.D.N.Y. Mar. 20, 2009).

Although some courts have permitted alternative pleading when there is a dispute as to a contract's enforceability, there is no dispute here that the NPPA is an enforceable contract. The Amended Complaint does not contain allegations that the contract is invalid, and in fact Plaintiff's claims are predicated on the enforceability of what Plaintiff describes as the NPPA's "unequivocal contractual obligation" that Defendants pay a certain percentage of dividends they receive to Plaintiff. Am. Compl. ¶ 1. Plaintiff asserts that Defendants dispute "the nature of their obligations" under the NPPA, but does not allege that there is any dispute as to the NPPA's enforceability. Because Plaintiff does not allege that the contract is unenforceable, Plaintiff may not plead unjust enrichment as an alternative claim. As a result, Defendants' motion to dismiss the unjust enrichment claim is granted.

### D. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff's claim for breach of the covenant of good faith and fair dealing also does not survive because it is duplicative of its breach of contract claim. Ordinarily, "[a] breach of the duty of good faith and fair dealing is considered a breach of contract." *Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011) (quoting *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank,* 392 F.3d 520, 525 (2d Cir. 2004)). "[R]aising both claims in a single complaint is redundant, and courts confronted with such complaints under New York law regularly dismiss any freestanding claim for breach of the covenant of fair dealing." *Jordan v. Verizon Corp.,* No. 08-cv-6414, 2008 WL 5209989, at *7 (S.D.N.Y. Dec. 10, 2008) (citing *Canstar v. J.A. Jones Constr. Co.*, 622 N.Y.S.2d 730, 731 (App. Div. 1995)); *accord Netologic, Inc. v. Goldman Sachs Grp., Inc.*, 972 N.Y.S.2d 33, 34-35 (App. Div. 2013) (dismissing implied covenant claims as duplicative of breach of contract claims "since both claims arise from the same facts and seek identical damages for each alleged breach" (internal quotation marks and citation omitted)).

Nevertheless, courts may allow an implied covenant claim to survive a motion to dismiss where "it is based on allegations different from those underlying the accompanying breach of contract claim." *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC,* No. 08-cv-9116, 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009) (quoting *Grand Heritage Mgmt., LLC v. Murphy,* No. 06-cv-5977, 2007 WL 3355380, at *6 (S.D.N.Y. Nov. 5, 2007). Accordingly, "to simultaneously plead breach of contract and implied covenant claims under New York law, a plaintiff must allege an implied duty that is consistent with the express contractual terms, but base its implied covenant theory on allegations that are distinct from the factual predicate for its contract claims." *Id.* at *5. Any freestanding claim for a breach of the covenant of good faith and fair dealing, based on the same allegations, are redundant and must also be dismissed. *See Canstar,* 622 N.Y.S.2d at 731 (affirming dismissal of counterclaim as redundant because "a breach of an implied covenant of good faith and fair dealing is intrinsically tied to the damages allegedly resulting from a breach of the contract").

Here, Plaintiff contends that Defendants have breached the implied covenant of good faith and fair dealing by refusing to pay ARS-K the full amount to which it is entitled pursuant to the NPPA. Am. Compl. ¶ 73. That claim is duplicative of the breach of contract claim, as it arises from the same factual predicate as Plaintiff's breach of contract claim—that is, the failure to pay the amount due under the NPPA. As such, Plaintiff has not adequately pleaded a claim for breach of the covenant of good faith and fair dealing and Defendants' motion to dismiss the claim for breach of the implied covenant of good faith and fair dealing is granted.

## V.     LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 725 (2d Cir.

2010) (citation omitted). Any amendment to Plaintiff's unjust enrichment claim would be futile, as

there is no dispute that an enforceable contract precludes this cause of action, and that an

enforceable contract between the parties exists here. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.

2000) (holding that where the "problem with [a complaint] is substantive [and] better pleading will

not cure it," leave to amend should be denied as futile). Plaintiff's claim for breach of the covenant

of good faith and fair dealing cannot proceed on the bases pleaded in the complaint, however, the

Court cannot conclude that an amendment with respect to that claim would necessarily be futile;

alternative bases might support a claim for the breach of the covenant. Accordingly, Plaintiff is

granted leave to amend the complaint to address the deficiencies identified in this opinion with

respect to its claim for breach of the implied covenant of good faith and fair dealing. Any amended

complaint is must be filed and served no later than August 23, 2017.

## VI.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Counts Three and Four of the

Amended Complaint is granted. Plaintiff's claim for unjust enrichment is dismissed with prejudice.

Plaintiff's claim for breach of the covenant of good faith and fair dealing is dismissed without

prejudice.

The Clerk of Court is directed to terminate the motion pending at Dkt. No.41.

SO ORDERED.

Dated:  August 8, 2017
          New York, New York

_____
GREGORY H. WOODS
United States District Judge

8